Cynthia S. Betz
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
100 Mulberry Street
4 Gateway Center
Newark, NJ 07102
973-622-4444
cbetz@mccarter.com
mmakhail@mccarter.com

*Attorneys for Plaintiffs*
*Vifor (International) AG and*
*American Regent, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIFOR (INTERNATIONAL) AG and AMERICAN REGENT, INC., | |
| Plaintiff, | Civil Action No. |
| v. | |
| MSN LABORATORIES PRIVATE LIMITED and MSN PHARMACEUTICALS INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Vifor (International) AG ("Vifor") and American Regent, Inc. ("American Regent") (collectively, "Plaintiffs"), by their attorneys, through this Complaint hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against MSN Laboratories Private Limited ("MSN Pvt. Ltd.") and MSN Pharmaceuticals Inc. ("MSN Inc.") (MSN Pvt. Ltd. and MSN Inc.,

collectively, "the MSN Defendants").  This action relates to Abbreviated New Drug Application

("ANDA") No. 219580, filed by the MSN Defendants with the U.S. Food and Drug

Administration ("FDA") for approval to market a generic version of Plaintiff's Injectafer®, ferric

carboxymaltose injection (100 mg Iron/2 mL; 500 mg Iron /10 mL; 750 mg Iron/15 mL; 1 g Iron

/20 mL) ("MSN's ANDA Products") prior to the expiration of United States Patent Nos.

7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); 8,895,612 ("the '612 patent");

11,364,260 ("the '260 patent"); 11,433,091 ("the '091 patent"); and 11,478,502 ("the '502

patent").  The '109, '702, '612, '260, '091, and '502 patents are listed in the FDA's Approved

Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") for Injectafer®.

## THE PARTIES

2.      Plaintiff Vifor is a company organized and existing under the laws of Switzerland,

having a principal place of business at Rechenstraβe 37, CH-9001, St. Gallen, Switzerland.

3.      Vifor is engaged in the business of creating, developing, and bringing to market

revolutionary drug products, including treatments for iron deficiency anemia.

4.      Plaintiff American Regent is a corporation organized and existing under the laws

of the State of New York, with a principal place of business at 5 Ramsey Road, Shirley, New

York 11967.  American Regent was formerly known as "Luitpold Pharmaceuticals, Inc.," until

January 2, 2019, when its New York Certificate of Incorporation was amended to change the

name of the corporation to "American Regent, Inc."

5.      American Regent was involved in the design and development of Injectafer®.

American Regent markets, distributes, and sells injectable pharmaceutical drug products,

including Injectafer®, in this judicial district and throughout the United States.

6.      On information and belief, Defendant MSN Pvt. Ltd. is a company organized and

existing under the laws of the Republic of India and has a principal place of business at MSN

- 2 -

House, Plot No. C-24, Industrial Estate, Sanath Nagar, Hyderabad, Telangana, 500018, India.

7.      On information and belief, MSN Pvt. Ltd. itself, and through its subsidiary and agent MSN Inc., develops, manufactures, and/or distributes generic drug products for marketing, sale, and/or use throughout the United States, including in this judicial district.

8.      On information and belief, Defendant MSN Inc. is a corporation organized and existing under the laws of the State of Delaware and is registered to conduct business in the State of New Jersey, with a principal place of business at 20 Duke Rd, Piscataway, New Jersey, 08854-3714.

9.      On information and belief, MSN Inc. is a wholly owned subsidiary of MSN Pvt. Ltd. and is controlled and/or dominated by MSN Pvt. Ltd.  On information and belief, MSN Pvt. Ltd. established MSN Inc. for the purposes of developing, manufacturing, and distributing its generic drug products throughout the United States, including in this judicial district.  On information and belief, MSN Inc. develops, manufactures, and/or distributes generic drug products for marketing, sale, and/or use throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, e*t seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11.      On information and belief, this Court has personal jurisdiction over MSN Inc., under the New Jersey state long arm statute and consistent with due process of law, because MSN Inc. maintains its principal place of business in New Jersey.

12.      On information and belief, this Court has personal jurisdiction over MSN Pvt. Ltd., under the New Jersey state long arm statute and consistent with due process of law because

MSN Pvt. Ltd. has extensive contacts with the State of New Jersey, including through its subsidiary MSN Inc., and regularly does business in this judicial district, including through its subsidiary MSN Inc.  Further, the MSN Defendants plan to sell their ANDA product in the State of New Jersey, which provides an independent basis for personal jurisdiction here.

13.    MSN Pvt. Ltd. has previously availed itself of the legal protections of the State of New Jersey by, among other things, selecting the State of New Jersey as the principal place of business for MSN Inc., admitting to jurisdiction in this judicial district, and/or pursuing counterclaims in this judicial district.  *See, e.g.*, *American Regent, Inc. f/k/a Luitpold Pharmaceuticals, Inc. v. MSN Laboratories Private Limited et al.*, Civil Action No. 24-10674 (D.N.J.); *Esperion Therapeutics, Inc. v. MSN Pharmaceuticals Inc. et al.*, Civil  Action No. 24-06386 (D.N.J.) (MSN Pvt. Ltd. and MSN Inc. did not contest personal jurisdiction and asserted counterclaims); *AbbVie Inc. et al. v. MSN Pharmaceuticals Inc. et al.*, Civil Action No. 24-04662 (D.N.J.) (same); *BeiGene USA, Inc. et al. v. MSN Pharmaceuticals Inc. et al.*, Civil Action No. 24-01971 (D.N.J.) (same); *Jazz Pharmaceuticals Research UK Limited f/k/a GW Research Limited v. Apotex Inc. et al.*, Civil Action No. 23-23141 (D.N.J.) (same); *Jazz Pharmaceuticals Research UK Limited f/k/a GW Research Limited v. Teva Pharmaceuticals, Inc. et al.*, Civil Action No. 23-03914 (D.N.J.) (same); *GW Research Limited v. Teva Pharmaceuticals, Inc. et al.*, Civil Action No. 23-00018 (D.N.J.) (same); *Chiesi USA, Inc. et al. v. MSN Pharmaceuticals Inc. et al.*, Civil Action No. 19-18564 (D.N.J.) (same); *Mitsubishi Tanabe Pharma Corporation et al. v. MSN Laboratories Private Limited et al.*, Civil Action No. 19-18958 (D.N.J.) (same); *Bausch Health Ireland Limited et al. v. MSN Laboratories Private Limited et al.*, Civil Action No. 23-03333 (D.N.J.) (MSN Pvt. Ltd. and MSN Inc. did not contest personal jurisdiction and MSN Pvt. Ltd. asserted counterclaims); *Bausch Health Ireland Ltd. f/k/a Valeant*

*Pharmaceuticals Ireland Ltd. et al. v. MSN Laboratories Private Limited et al.*, Civil Action No.
21-10057 (D.N.J.) (MSN Pvt. Ltd. and MSN Inc. did not contest personal jurisdiction and MSN
Pvt. Ltd. asserted counterclaims).

14.     On information and belief, MSN Pvt. Ltd. and MSN Inc. are subject to personal
jurisdiction in New Jersey because they regularly do or solicit business in New Jersey, engage in
other persistent courses of conduct in New Jersey, and/or derive substantial revenue from
services or things used or consumed in New Jersey, demonstrating that MSN Pvt. Ltd. and MSN
Inc. have systematic and continuous contacts with this judicial district.

15.     On information and belief, MSN Pvt. Ltd. and MSN Inc. purposefully have
conducted and continue to conduct business in this judicial district by manufacturing, importing,
marketing, and distributing pharmaceutical products, including generic drug products, either
alone or through their parent corporation, subsidiaries, and/or affiliates, throughout the United
States, including in this judicial district.  The MSN Defendants further intend to sell their generic
ANDA products in the State of New Jersey.

16.     On information and belief, MSN Inc. is registered to do business in the State of
New Jersey under Entity Identification Number 0400627791, and MSN Inc. is also licensed to do
business with the New Jersey Department of Health as a "Manufacturer and Wholesale[r]" of
pharmaceuticals in the State of New Jersey (Registration Number 5006107).  Moreover, on
information and belief, MSN Inc. has appointed a registered agent in New Jersey for the receipt
of service of process.

17.     On information and belief, MSN Pvt. Ltd. and MSN Inc. are subject to personal
jurisdiction in this judicial district through their pursuit of regulatory approval for MSN's ANDA
Products for the commercial manufacture, use, and/or sale of MSN's ANDA Products, if

approved, in this judicial district and to residents of this judicial district. Through at least these activities, MSN Pvt. Ltd. and MSN Inc. have purposely availed themselves of the rights and benefits of New Jersey law such that they should reasonably anticipate being hailed into court in this judicial district.

18.     On information and belief, consistent with their past practices, MSN Pvt. Ltd. and MSN Inc. acted collaboratively in the preparation and submission of ANDA No. 219580.

19.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 219580, MSN Pvt. Ltd. and MSN Inc. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 219580 throughout the United States and/or import such generic drug products into the United States, including in this judicial district.

20.     On information and belief, if ANDA No. 219580 is approved, MSN's ANDA Products will be marketed, distributed, offered for sale, and/or sold in New Jersey; prescribed by physicians practicing in New Jersey; administered by healthcare professionals located within New Jersey; and/or used by patients in New Jersey, all of which will have a substantial effect on New Jersey.

21.     On information and belief, if ANDA No. 219580 is approved, MSN Pvt. Ltd. and MSN Inc. will import, market, distribute, offer for sale, and/or sell MSN's ANDA Products, alone or through their parent corporation, subsidiaries, and/or affiliates in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of MSN's ANDA Products in the state of New Jersey.

22.     If ANDA No. 219580 is approved, Vifor and American Regent will be harmed by the marketing, distribution, offer for sale, and/or sale of MSN's ANDA Products, including in

New Jersey.

23.     On information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) at least because MSN Inc. has its principal place of business in the State of New Jersey, and has committed acts of infringement in New Jersey.  MSN Pvt. Ltd. is a foreign company not residing in any United States judicial district and may be sued in any judicial district.  28 U.S.C. § 1391(c)(3).  Moreover, MSN Pvt. Ltd. and MSN Inc. have litigated previous Hatch-Waxman patent infringement disputes in the District of New Jersey.

24.     On information and belief, MSN Inc. has committed acts of infringement under the meaning of 28 U.S.C. § 1400(b) by submitting ANDA No. 219580 to the FDA, by taking steps indicating its intent to market MSN's ANDA Products in New Jersey, and by the acts that it non-speculatively intends to take in New Jersey if MSN's ANDA receives final FDA approval.

25.     On information and belief, MSN Inc. has a regular and established place of business in New Jersey under the meaning of 28 U.S.C. § 1400(b) because, *inter alia*, its principal place of business is in New Jersey.  As set forth above, on information and belief, MSN Inc. maintains regular and established places of business in New Jersey, including its headquarters, offices, laboratories, and/or facilities at 20 Duke Rd, Piscataway, New Jersey, 08854-3714.

26.     On information and belief, MSN Pvt. Ltd. and MSN Inc. have taken steps in New Jersey, including preparing ANDA No. 219580 and communicating with the FDA regarding ANDA No. 219580, that indicate their intent to market MSN's ANDA Products.  As set forth above, on information and belief, if ANDA No. 219580 is approved, the MSN Defendants intend to commit acts of patent infringement in New Jersey, including marketing, distributing, offering for sale, and/or selling MSN's ANDA Products.

**PATENTS-IN-SUIT**

27.     The U.S. Patent and Trademark Office ("PTO") issued the '109 patent, entitled "Water-Soluble Iron-Carbohydrate Complexes, Production Thereof, and Medicaments Containing Said Complexes," on November 3, 2009 to inventors Peter Geisser, Erik Philipp, and Walter Richle.  Vifor is the current assignee of the '109 patent and has the right to enforce it. The '109 patent has been granted an interim extension of patent term for a period of 1 year and expires on February 5, 2026, subject to any other further extensions.  The '109 patent claims, *inter alia*, compositions and methods of making iron carbohydrate complexes.  A true and correct copy of the '109 patent is attached hereto as **Exhibit A**.

28.     The PTO issued the '702 patent entitled "Methods and Compositions For Administration of Iron," on July 13, 2010 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence.  At the time of its issuance, the '702 patent was assigned to Luitpold Pharmaceuticals, Inc., and on January 11, 2019, the assignment records for the '702 patent were amended to reflect that Luitpold Pharmaceuticals, Inc. had changed its name to "American Regent, Inc."  The Change of Name of the assignee for the '702 patent is recorded by the PTO at Reel 048067, Frame 0271.  American Regent is the current assignee of the '702 patent and has the right to enforce it.  The '702 patent expires on February 15, 2028.  The '702 patent claims, *inter alia*, methods of treating iron deficiency anemia by administering an iron carbohydrate complex.  A true and correct copy of the '702 patent is attached hereto as **Exhibit B**.

29.     The PTO issued the '612 patent entitled "Methods and Compositions For Administration of Iron," on November 25, 2014 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence.  At the time of its issuance, the '612 patent was assigned to Luitpold Pharmaceuticals, Inc., and on January 11, 2019, the assignment records for the '612 patent were amended to reflect that Luitpold Pharmaceuticals, Inc. had changed its name to

"American Regent, Inc." The Change of Name of the assignee for the '612 patent is recorded by the PTO at Reel 048067, Frame 0271. American Regent is the current assignee of the '612 patent and has the right to enforce it. The '612 patent expires on January 8, 2027. The '612 patent claims, *inter alia*, methods of treating iron deficiency anemia by the administration of an iron carboxymaltose complex. A true and correct copy of the '612 patent is attached hereto as **Exhibit C**.

30.    The PTO issued the '260 patent entitled "Methods and Compositions For Administration of Iron," on June 21, 2022 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. American Regent is the current assignee of the '260 patent and has the right to enforce it. The '260 patent expires on January 8, 2027. The '260 patent claims, *inter alia*, methods of treating iron deficiency or dysfunctional iron metabolism by the administration of an iron carboxymaltose complex. A true and correct copy of the '260 patent is attached hereto as **Exhibit D**.

31.    The PTO issued the '091 patent entitled "Methods and Compositions For Administration of Iron," on September 6, 2022 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. American Regent is the current assignee of the '091 patent and has the right to enforce it. The '091 patent expires on January 8, 2027. The '091 patent claims, *inter alia*, methods of treating a disease, disorder, or condition characterized by iron deficiency or dysfunctional iron metabolism by the administration of an iron carboxymaltose complex. A true and correct copy of the '091 patent is attached hereto as **Exhibit E**.

32.    The PTO issued the '502 patent entitled "Methods and Compositions For Administration of Iron," on October 25, 2022 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. American Regent is the current assignee of the '502 patent and has

the right to enforce it.  The '502 patent expires on January 8, 2027.  The '502 patent claims, *inter alia*, methods of treating iron deficiency anemia and functional iron deficiency by the administration of an iron carboxymaltose complex.  A true and correct copy of the '502 patent is attached hereto as **Exhibit F**.

**NDA NO. 203565 AND INJECTAFER®**

33.    American Regent is the owner of New Drug Application ("NDA") No. 203565 for Injectafer® (ferric carboxymaltose), which the FDA approved on July 25, 2013.  The Orange Book lists the NDA holder as "American Regent, Inc.," in accordance with the name change from "Luitpold Pharmaceuticals, Inc." to "American Regent, Inc.," effective January 2, 2019.

34.    In conjunction with NDA No. 203565, American Regent listed with the FDA, inter alia, the '109, '702, and '612 patents.  American Regent subsequently timely listed the '260, '091, and '502 patents with the FDA after those patents issued.  All six patents—the '109, '702, '612, '260, '091, and '502 patents—are currently listed in the Orange Book for Injectafer®.

35.    Injectafer® is covered by one or more claims of each of the '109, '702, '612, '260, '091, and '502 patents.

36.    Injectafer® is currently approved to treat iron deficiency anemia in certain patients and iron deficiency in adult patients with heart failure and New York Heart Association class II/III to improve exercise capacity.  A true and correct copy of the current Injectafer® label is attached as **Exhibit G**.

**THE MSN DEFENDANTS' INFRINGING ANDA SUBMISSION**

37.    Plaintiffs and/or Plaintiffs' counsel received a letter from the MSN Defendants dated March 12, 2025, purporting to be a "Notice of Paragraph IV Certification Under 21 U.S.C. § 355(j)(2)(B) (§ 505(j)(2)(B)) of Federal Food, Drug and Cosmetic Act) and 21 C.F.R. § 314.95

of U.S. Patent Nos. 7,754,702; 7,612,109; 8,895,612; 11,364,260; 11,433,091; and 11,478,502 in

ANDA No. 219580 for generic Ferric Carboxymaltose Injection, 750mg iron/15ml (50mg

iron/ml); 100mg iron/2ml (50mg iron/ml); 500mg iron/10ml (50mg iron/ml); and 1 gm iron/20ml

(50mg iron/ml) doses." ("MSN's Notice Letter").

38.    MSN's Notice Letter states that the MSN Defendants are seeking approval to

engage in the commercial manufacture, use, and/or sale of MSN's ANDA Products before the

expiration of the '109, '702, '612, '260, '091, and '502 patents.

39.    On information and belief, the MSN Defendants submitted ANDA No. 219580 to

FDA under Section 505(j) of the Act, 21 U.S.C. § 355(j), seeking approval to, and intending to,

manufacture, use, import, offer to sell, and/or sell MSN's ANDA Products, either by itself or

through its parent corporation, subsidiaries, and/or affiliates, throughout the United States before

the expiration of the '109, '702, '612, '260, '091, and '502 patents.

40.    On information and belief, each of MSN's ANDA Products contains ferric

carboxymaltose.

41.    On information and belief, each of the MSN Defendants has made, and continues

to make, substantial preparation in the United States to manufacture, use, import, offer to sell,

and/or sell MSN's ANDA Products, either by itself or through its parent corporation,

subsidiaries, and/or affiliates, before the expiration of '702 patent.

42.    By filing ANDA No. 219580, and as indicated in MSN's Notice Letter, the MSN

Defendants have represented to the FDA that MSN's ANDA Products have the same active

ingredient as Injectafer®, have the same dosage forms and strengths as Injectafer®, and are

bioequivalent to Injectafer®.

43.    On information and belief, the MSN Defendants are seeking approval to market

MSN's ANDA Products for the same approved indications as Injectafer®.

44.    MSN's Notice Letter states that it has attached a "detailed statement of the legal and factual bases of MSN's position for the paragraph IV certification for U.S. Patent Nos. 7,754,702; 7,612,109; 8,895,612; 11,364,260; 11,433,091; and 11,478,502" and "MSN has submitted an updated paragraph IV certification to the FDA, stating that in MSN's opinion and to the best of their knowledge, U.S. Patent Nos. 7,612,109; 8,895,612; 11,364,260; 11,433,091; and 11,478,502, are invalid, unenforceable and/ or will not be infringed by the commercial manufacture, use or sale of the drug product described in MSN's ANDA."

45.    Plaintiffs and/or Plaintiffs' counsel had previously also received a letter from the MSN Defendants dated October 11, 2024, purporting to be a "Notice of Paragraph IV Certification Under 21 U.S.C. § 355(j)(2)(B) (§ 505(f)(2)(B)) of Federal Food, Drug and Cosmetic Act) and 21 C.F.R. § 314.95 of U.S. Patent No. 7,754,702 in ANDA No. 219580 for generic Ferric Carboxymaltose Injection, 750mg iron/l5ml (50mg iron/ml); 100mg iron/2ml (50mg iron/ml); 500mg iron/10ml (50mg iron/ml); and 1gm iron/20ml (50mg iron/ml) doses." Plaintiffs timely filed an action asserting the '702 patent, which is currently pending.  *See, e.g.*, *American Regent, Inc. f/k/a Luitpold Pharmaceuticals, Inc. v. MSN Laboratories Private Limited et al.*, Civil Action No. 24-10674 (D.N.J.)

## COUNT I (INFRINGEMENT OF THE '109 PATENT)

46.    Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–45.

47.    The claims of the '109 patent are presumed valid under 35 U.S.C. § 282.

48.    Under 35 U.S.C. § 271(e)(2)(A), MSN has infringed at least one claim of the '109 patent by submitting, or causing to be submitted to the FDA, ANDA No. 219580 seeking approval to engage in the commercial manufacture, use, or sale of MSN's ANDA Products

before the expiration date of the '109 patent.  On information and belief, the product described in ANDA No. 219580 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '109 patent under 35 U.S.C. § 271(e)(2)(A).

49.     In MSN's Notice Letter, MSN did not provide any allegation that MSN's ANDA Products do not fall within the scope of certain claims of the '109 patent, and therefore admit infringement of at least one claim of the '109 patent.

50.     On information and belief, based on MSN's Notice Letter, the absence of any allegation that MSN's ANDA Products do not fall within the scope of claims of the '109 patent in MSN's Notice Letter, the fact that MSN has represented to the FDA that MSN's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, MSN is required to substantially copy the FDA-approved Injectafer® labeling, MSN's ANDA Products comprise an aqueous solution of ferric carboxymaltose which is formulated for parenteral application, wherein the ferric carboxymaltose, an iron carbohydrate complex, has a weight average molecular weight of 80,000 to 300,000 daltons, and satisfies all of the limitations of one or more claim of the '109 patent.

51.     On information and belief, MSN intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '109 patent immediately and imminently upon final approval of ANDA No. 219580.  The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '109 patent would infringe one or more claims of the '109 patent.

52.     On information and belief, upon FDA approval of MSN's ANDA Products, MSN

will infringe at least one claim of the '109 patent under 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling MSN's ANDA Products in the United States, and/or will induce and/or contribute to infringement of one or more claims of the '109 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

53.     On information and belief, MSN has knowledge of the '109 patent and has filed ANDA No. 219580 seeking authorization to engage in the commercial manufacture, use, or sale of MSN's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 219580, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '109 patent by the use MSN's ANDA Products according to MSN's provided instructions and/or label.

54.     On information and belief, MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA Products according to MSN's provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '109 patent with the requisite intent under 35 U.S.C. § 271(b).

55.     Upon information and belief, upon approval, MSN will take active steps to encourage the use of MSN's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '109 patent for the pecuniary benefit of MSN. Upon information and belief, MSN will thus induce infringement of at least one claim of the '109 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief, MSN will have actual knowledge of the '109 patent and will actively induce infringement of the

'109 patent immediately and imminently upon approval of its ANDA.

56.    On information and belief, if the FDA approves ANDA No. 219580, MSN's ANDA Products will be specifically labeled for use in practicing at least one claim of the '109 patent, wherein MSN's ANDA Products are a material part of the claimed invention, wherein MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA Products in accordance with the instructions and/or label provided by MSN in practicing at least one claim of the '109 patent, and wherein MSN's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Upon information and belief, MSN will thus contribute to the infringement of at least one claim of the '109 patent under 35 U.S.C. § 271(c).

57.    Upon information and belief, MSN's actions relating to ANDA No. 219580 complained of herein were done by and for the benefit of MSN.

58.    If MSN's marketing and sale of MSN's ANDA Products prior to the expiration of the '109 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

### COUNT II (INFRINGEMENT OF THE '702 PATENT)

59.    Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–58.

60.    Claims 4–9, 16–22, 24, 26, 31–40, and 44–57 of the '702 patent are presumed valid under 35 U.S.C. § 282.

61.    Under 35 U.S.C. § 271(e)(2)(A), MSN has infringed at least one claim of the '702 patent by submitting, or causing to be submitted to the FDA, ANDA No. 219580 seeking approval to engage in the commercial manufacture, use, or sale of MSN's ANDA Products before the expiration date of the '702 patent.  On information and belief, the product described in

ANDA No. 219580 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '702 patent under 35 U.S.C. § 271(e)(2)(A).

62.     In MSN's Notice Letter, MSN did not provide any allegation that MSN's ANDA Products do not fall within the scope of certain claims of the '702 patent, and therefore admit infringement of at least one claim of the '702 patent.

63.     On information and belief, based on MSN's Notice Letter, the absence of any allegation that MSN's ANDA Products do not fall within the scope of the claims of the '702 patent in MSN's Notice Letter, the fact that MSN has represented to the FDA that MSN's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, MSN is required to substantially copy the FDA-approved Injectafer® labeling, MSN's ANDA Products comprise an iron carboxymaltose complex having a molecular weight of about 100,000 daltons to about 350,000 daltons, and will be used in a method of treating iron deficiency anemia, whereby MSN's ANDA Products will be administered intravenously in about 15 minutes or less to a subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of MSN's ANDA Products will satisfy all of the limitations of one or more claims of the '702 patent.

64.     On information and belief, MSN intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '702 patent immediately and imminently upon final approval of ANDA No. 219580.  The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '702 patent would infringe one or more claims of the '702 patent.

65.     On information and belief, upon FDA approval of MSN's ANDA Products, MSN

will induce and/or contribute to the infringement of one or more claims of the '702 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

66.    On information and belief, MSN has knowledge of the '702 patent and has filed ANDA No. 219580 seeking authorization to engage in the commercial manufacture, use, or sale of MSN's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 219580, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '702 patent by the use MSN's ANDA Products according to MSN's provided instructions and/or label.

67.    On information and belief, MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA Products according to MSN's provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '702 patent with the requisite intent under 35 U.S.C. § 271(b).

68.    Upon information and belief, upon approval, MSN will take active steps to encourage the use of MSN's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '702 patent for the pecuniary benefit of MSN. Upon information and belief, MSN will thus induce infringement of at least one claim of the '702 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief, MSN will have actual knowledge of the '702 patent and will actively induce infringement of the '702 patent immediately and imminently upon approval of its ANDA.

69.    On information and belief, if the FDA approves ANDA No. 219580, MSN's ANDA Products will be specifically labeled for use in practicing at least one claim of the '702

patent, wherein MSN's ANDA Products are a material part of the claimed invention, wherein

MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA

Products in accordance with the instructions and/or label provided by MSN in practicing at least

one claim of the '702 patent, and wherein MSN's ANDA Products are not a staple article or

commodity of commerce suitable for substantial non-infringing use.   Upon information and

belief, MSN will thus contribute to the infringement of at least one claim of the '702 patent

under 35 U.S.C. § 271(c).

70.     Upon information and belief, MSN's actions relating to ANDA No. 219580

complained of herein were done by and for the benefit of MSN.

71.     If MSN's marketing and sale of MSN's ANDA Products prior to the expiration of

the '702 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which

there is no adequate remedy at law.

## COUNT III (INFRINGEMENT OF THE '612 PATENT)

72.     Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs

1–71.

73.     The claims of the '612 patent are presumed valid under 35 U.S.C. § 282.

74.     Under 35 U.S.C. § 271(e)(2)(A), MSN has infringed at least one claim of the '612

patent by submitting, or causing to be submitted to the FDA, ANDA No. 219580 seeking

approval to engage in the commercial manufacture, use, or sale of MSN's ANDA Products

before the expiration date of the '612 patent.  On information and belief, the product described in

ANDA No. 219580 would infringe, either literally or under the doctrine of equivalents, at least

one claim of the '612 patent under 35 U.S.C. § 271(e)(2)(A).

75.     On information and belief, based on MSN's Notice Letter, the absence of any

allegation that MSN's ANDA Products do not fall within the scope of the claims of the '612

patent in MSN's Notice Letter, the fact that MSN has represented to the FDA that MSN's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, MSN is required to substantially copy the FDA-approved Injectafer® labeling, MSN's ANDA Products comprise an iron carboxymaltose complex having a substantially non-immunogenic carbohydrate component and substantially no cross reactivity with anti-dextran antibodies, and will be used in a method of treating iron deficiency anemia associated with chronic kidney disease and/or heavy uterine bleeding, whereby MSN's ANDA Products will be administered in about 15 minutes or less to a subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of MSN's ANDA Products will satisfy all of the limitations of one or more claims of the '612 patent.

76.    On information and belief, MSN intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '612 patent immediately and imminently upon final approval of ANDA No. 219580.  The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '612 patent would infringe one or more claims of the '612 patent.

77.    On information and belief, upon FDA approval of MSN's ANDA Products, MSN will induce and/or contribute to the infringement of one or more claims of the '612 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

78.    On information and belief, MSN has knowledge of the '612 patent and has filed ANDA No. 219580 seeking authorization to engage in the commercial manufacture, use, or sale of MSN's ANDA Products in the United States.  On information and belief, if the FDA approves

ANDA No. 219580, healthcare professionals and/or patients will directly infringe under 35

U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the

'612 patent by the use MSN's ANDA Products according to MSN's provided instructions and/or

label.

79.      On information and belief, MSN knows and intends that healthcare professionals

and/or patients will use MSN's ANDA Products according to MSN's provided instructions

and/or label in an infringing manner, and will therefore induce infringement of one or more

claims of the '612 patent with the requisite intent under 35 U.S.C. § 271(b).

80.      Upon information and belief, upon approval, MSN will take active steps to

encourage the use of MSN's ANDA Products by healthcare professionals and/or patients with

the knowledge and intent that it will be used by healthcare professionals and/or patients in a

manner that infringes at least one claim of the '612 patent for the pecuniary benefit of MSN.

Upon information and belief, MSN will thus induce infringement of at least one claim of the

'612 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief,

MSN will have actual knowledge of the '612 patent and will actively induce infringement of the

'612 patent immediately and imminently upon approval of its ANDA.

81.      On information and belief, if the FDA approves ANDA No. 219580, MSN's

ANDA Products will be specifically labeled for use in practicing at least one claim of the '612

patent, wherein MSN's ANDA Products are a material part of the claimed invention, wherein

MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA

Products in accordance with the instructions and/or label provided by MSN in practicing at least

one claim of the '612 patent, and wherein MSN's ANDA Products are not a staple article or

commodity of commerce suitable for substantial non-infringing use.   Upon information and

belief, MSN will thus contribute to the infringement of at least one claim of the '612 patent under 35 U.S.C. § 271(c).

82.     Upon information and belief, MSN's actions relating to ANDA No. 219580 complained of herein were done by and for the benefit of MSN.

83.     If MSN's marketing and sale of MSN's ANDA Products prior to the expiration of the '612 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV (INFRINGEMENT OF THE '260 PATENT)

84.     Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–83.

85.     The claims of the '260 patent are presumed valid under 35 U.S.C. § 282.

86.     Under 35 U.S.C. § 271(e)(2)(A), MSN has infringed at least one claim of the '260 patent by submitting, or causing to be submitted to the FDA, ANDA No. 219580 seeking approval to engage in the commercial manufacture, use, or sale of MSN's ANDA Products before the expiration date of the '260 patent.  On information and belief, the product described in ANDA No. 219580 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '260 patent under 35 U.S.C. § 271(e)(2)(A).

87.     On information and belief, based on MSN's Notice Letter, the absence of any allegation that MSN's ANDA Products do not fall within the scope of the claims of the '260 patent in MSN's Notice Letter, the fact that MSN has represented to the FDA that MSN's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, MSN is required to substantially copy the FDA-approved Injectafer® labeling, MSN's ANDA Products comprise an iron carboxymaltose complex having a substantially non-immunogenic carbohydrate component and

substantially no cross reactivity with anti-dextran antibodies, and will be used in a method of treating iron deficiency or dysfunctional iron metabolism associated with cardiomyopathy, whereby MSN's ANDA Products will be administered intravenously in about 15 minutes or less to a subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of MSN's ANDA Products will satisfy all of the limitations of one or more claims of the '260 patent.

88.    On information and belief, MSN intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '260 patent immediately and imminently upon final approval of ANDA No. 219580.  The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '260 patent would infringe one or more claims of the '260 patent.

89.    On information and belief, upon FDA approval of MSN's ANDA Products, MSN will induce and/or contribute to the infringement of one or more claims of the '260 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

90.    On information and belief, MSN has knowledge of the '260 patent and has filed ANDA No. 219580 seeking authorization to engage in the commercial manufacture, use, or sale of MSN's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 219580, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '260 patent by the use MSN's ANDA Products according to MSN's provided instructions and/or label.

91.    On information and belief, MSN knows and intends that healthcare professionals

and/or patients will use MSN's ANDA Products according to MSN's provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '260 patent with the requisite intent under 35 U.S.C. § 271(b).

92.     Upon information and belief, upon approval, MSN will take active steps to encourage the use of MSN's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '260 patent for the pecuniary benefit of MSN. Upon information and belief, MSN will thus induce infringement of at least one claim of the '260 patent with the requisite intent under 35 U.S.C. § 271(b). Upon information and belief, MSN will have actual knowledge of the '260 patent and will actively induce infringement of the '260 patent immediately and imminently upon approval of its ANDA.

93.     On information and belief, if the FDA approves ANDA No. 219580, MSN's ANDA Products will be specifically labeled for use in practicing at least one claim of the '260 patent, wherein MSN's ANDA Products are a material part of the claimed invention, wherein MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA Products in accordance with the instructions and/or label provided by MSN in practicing at least one claim of the '260 patent, and wherein MSN's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Upon information and belief, MSN will thus contribute to the infringement of at least one claim of the '260 patent under 35 U.S.C. § 271(c).

94.     Upon information and belief, MSN's actions relating to ANDA No. 219580 complained of herein were done by and for the benefit of MSN.

95.     If MSN's marketing and sale of MSN's ANDA Products prior to the expiration of

the '260 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT V (INFRINGEMENT OF THE '091 PATENT)

96.    Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–95.

97.    The claims of the '091 patent are presumed valid under 35 U.S.C. § 282.

98.    Under 35 U.S.C. § 271(e)(2)(A), MSN has infringed at least one claim of the '091 patent by submitting, or causing to be submitted to the FDA, ANDA No. 219580 seeking approval to engage in the commercial manufacture, use, or sale of MSN's ANDA Products before the expiration date of the '091 patent.  On information and belief, the product described in ANDA No. 219580 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '091 patent under 35 U.S.C. § 271(e)(2)(A).

99.    On information and belief, based on MSN's Notice Letter, the absence of any allegation that MSN's ANDA Products do not fall within the scope of the claims of the '091 patent in MSN's Notice Letter, the fact that MSN has represented to the FDA that MSN's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, MSN is required to substantially copy the FDA-approved Injectafer® labeling, MSN's ANDA Products comprise an iron carboxymaltose complex, and will be used in a method of treating anemia, whereby MSN's ANDA Products will be administered intravenously to a human subject in need thereof in a single dosage unit of at least about 0.7 grams of elemental iron in 15 minutes or less, and the use of MSN's ANDA Products will satisfy all of the limitations of one or more claims of the '091 patent.

100.    On information and belief, MSN intends to engage in the commercial

manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '091 patent immediately and imminently upon final approval of ANDA No. 219580. The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '091 patent would infringe one or more claims of the '091 patent.

101.    On information and belief, upon FDA approval of MSN's ANDA Products, MSN will induce and/or contribute to the infringement of one or more claims of the '091 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

102.    On information and belief, MSN has knowledge of the '091 patent and has filed ANDA No. 219580 seeking authorization to engage in the commercial manufacture, use, or sale of MSN's ANDA Products in the United States. On information and belief, if the FDA approves ANDA No. 219580, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '091 patent by the use MSN's ANDA Products according to MSN's provided instructions and/or label.

103.    On information and belief, MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA Products according to MSN's provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '091 patent with the requisite intent under 35 U.S.C. § 271(b).

104.    Upon information and belief, upon approval, MSN will take active steps to encourage the use of MSN's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '091 patent for the pecuniary benefit of MSN.

Upon information and belief, MSN will thus induce infringement of at least one claim of the '091 patent with the requisite intent under 35 U.S.C. § 271(b). Upon information and belief, MSN will have actual knowledge of the '091 patent and will actively induce infringement of the '091 patent immediately and imminently upon approval of its ANDA.

105.    On information and belief, if the FDA approves ANDA No. 219580, MSN's ANDA Products will be specifically labeled for use in practicing at least one claim of the '091 patent, wherein MSN's ANDA Products are a material part of the claimed invention, wherein MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA Products in accordance with the instructions and/or label provided by MSN in practicing at least one claim of the '091 patent, and wherein MSN's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use. Upon information and belief, MSN will thus contribute to the infringement of at least one claim of the '091 patent under 35 U.S.C. § 271(c).

106.    Upon information and belief, MSN's actions relating to ANDA No. 219580 complained of herein were done by and for the benefit of MSN.

107.    If MSN's marketing and sale of MSN's ANDA Products prior to the expiration of the '091 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI (INFRINGEMENT OF THE '502 PATENT)

108.    Plaintiffs allege, and incorporate in full herein, each of the preceding paragraphs 1–107.

109.    The claims of the '502 patent are presumed valid under 35 U.S.C. § 282.

110.    Under 35 U.S.C. § 271(e)(2)(A), MSN has infringed at least one claim of the '502 patent by submitting, or causing to be submitted to the FDA, ANDA No. 219580 seeking

approval to engage in the commercial manufacture, use, or sale of MSN's ANDA Products before the expiration date of the '502 patent. On information and belief, the product described in ANDA No. 219580 would infringe, either literally or under the doctrine of equivalents, at least one claim of the '502 patent under 35 U.S.C. § 271(e)(2)(A).

111. On information and belief, based on MSN's Notice Letter, the absence of any allegation that MSN's ANDA Products do not fall within the scope of the claims of the '502 patent in MSN's Notice Letter, the fact that MSN has represented to the FDA that MSN's ANDA Products are bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, MSN is required to substantially copy the FDA-approved Injectafer® labeling, MSN's ANDA Products comprise a polynuclear iron (III)-hydroxide 4(R)-(poly-(1→4)-O-α-D-glucopyranosyl)-oxy-2(R),3(R),5(R),6-tetrahydroxy-hexanoate, and will be used in a method of treating iron deficiency anemia or functional iron deficiency and result in increased transferrin saturation, whereby MSN's ANDA Products will be administered intravenously in about 15 minutes or less to an adult human subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of MSN's ANDA Products will satisfy all of the limitations of one or more claims of the '502 patent.

112. On information and belief, MSN intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '502 patent immediately and imminently upon final approval of ANDA No. 219580. The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of MSN's ANDA Products prior to the expiration of the '502 patent would infringe one or more claims of the '502 patent.

113.     On information and belief, upon FDA approval of MSN's ANDA Products, MSN will induce and/or contribute to the infringement of one or more claims of the '502 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

114.     On information and belief, MSN has knowledge of the '502 patent and has filed ANDA No. 219580 seeking authorization to engage in the commercial manufacture, use, or sale of MSN's ANDA Products in the United States.  On information and belief, if the FDA approves ANDA No. 219580, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '502 patent by the use MSN's ANDA Products according to MSN's provided instructions and/or label.

115.     On information and belief, MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA Products according to MSN's provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '502 patent with the requisite intent under 35 U.S.C. § 271(b).

116.     Upon information and belief, upon approval, MSN will take active steps to encourage the use of MSN's ANDA Products by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim of the '502 patent for the pecuniary benefit of MSN. Upon information and belief, MSN will thus induce infringement of at least one claim of the '502 patent with the requisite intent under 35 U.S.C. § 271(b).  Upon information and belief, MSN will have actual knowledge of the '502 patent and will actively induce infringement of the '502 patent immediately and imminently upon approval of its ANDA.

117.     On information and belief, if the FDA approves ANDA No. 219580, MSN's

ANDA Products will be specifically labeled for use in practicing at least one claim of the '502 patent, wherein MSN's ANDA Products are a material part of the claimed invention, wherein MSN knows and intends that healthcare professionals and/or patients will use MSN's ANDA Products in accordance with the instructions and/or label provided by MSN in practicing at least one claim of the '502 patent, and wherein MSN's ANDA Products are not a staple article or commodity of commerce suitable for substantial non-infringing use. Upon information and belief, MSN will thus contribute to the infringement of at least one claim of the '502 patent under 35 U.S.C. § 271(c).

118. Upon information and belief, MSN's actions relating to ANDA No. 219580 complained of herein were done by and for the benefit of MSN.

119. If MSN's marketing and sale of MSN's ANDA Products prior to the expiration of the '502 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1. A judgment that the claims of the '109, '702, '612, '260, '091, and '502 patents are not invalid or unenforceable, and are infringed by the MSN Defendants' submission of ANDA No. 219580 under 35 U.S.C. §271(e)(2)(A), and that the MSN Defendants' making, using, offering to sell, or selling in the United States, or importing into the United States, MSN's ANDA Products will infringe the '109, '702, '612, '260, '091, and '502 patents under 35 U.S.C. §§ 271(b), (c), and/or (e);

2. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval by the FDA of ANDA No. 219580 shall be a date that is not earlier than the latest expiration date of the '109, '702, '612, '260, '091, and '502 patents, including any extensions

and/or additional periods of exclusivity to which Plaintiff is or becomes entitled;

3.      An order permanently enjoining each of the MSN Defendants and its parent corporation, affiliates, subsidiaries, and each of its officers, agents, servants, employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States MSN's ANDA Products until after the last expiration date of the '109, '702, '612, '260, '091, and '502 patents, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283;

4.      Damages or other monetary relief to Plaintiff if the MSN Defendants engage in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of MSN's ANDA Products prior to the latest expiration date of the '109, '702, '612, '260, '091, and '502 patents, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(C); and

5.      Such further and additional relief as this Court deems just and proper, including any appropriate relief under 35 U.S.C. § 285.

Dated: April 25, 2025

Of Counsel:

Jane M. Love, Ph.D. (*pro hac vice* forthcoming)
Robert Trenchard (*pro hac vice* forthcoming)
Allyson E. Parks (*pro hac vice* forthcoming)
Emil Nachman (*pro hac vice* forthcoming)
Spencer W. Vaughan (*pro hac vice* forthcoming)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
212-351-4000
jlove@gibsondunn.com
rtrenchard@gibsondunn.com
aparks@gibsondunn.com
enachman@gibsondunn.com
svaughan@gibsondunn.com

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By:  */s/ Cynthia S. Betz*
Cynthia S. Betz
Mark M. Makhail
Four Gateway Center
100 Mulberry Street
4 Gateway Center
Newark, NJ 07102
973-622-4444
cbetz@mccarter.com
mmakhail@mccarter.com

*Attorneys for Plaintiff American Regent, Inc.*

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except as provided below.

United States Patent Nos. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); and 8,895,612 ("the '612 patent") were the subject of now-closed proceedings before this Court including those cases consolidated under the matter *VIFOR (INTERNATIONAL) AG et al v. MYLAN LABORATORIES LTD*. et al., 3:19-cv-13955-FLW-DEA. The Defendants in this matter were not involved in those cases.

United States Patent No. 7,754,702 ("the '702 patent") is currently the subject of proceedings before this Court in *AMERICAN REGENT, INC. F/K/A LUITPOLD PHARMACEUTICALS, INC. v. MSN LABORATORIES PRIVATE LIMITED et al.*, 3:34-cv-10675. The Defendants in this matter are the same Defendants in this case.

United States Patent No. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); 8,895,612 ("the '612 patent"); 11,364,260 ("the '260 patent"); 11,433,091 ("the '091 patent"); and 11,478,502 ("the '502 patent") are currently the subject of proceedings before this Court in *VIFOR (INTERNATIONAL) AG et al v. DR REDDY'S LABORATORIES, LTD. et al.*, 3:24-cv-06833-GC-JBD. The Defendants in this matter are not parties in that case, but the Defendants have filed a motion to consolidate with that case.

United States Patent No. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); 8,895,612 ("the '612 patent"); 11,364,260 ("the '260 patent"); 11,433,091 ("the '091 patent"); and 11,478,502 ("the '502 patent") are currently the subject of proceedings before this Court in *VIFOR (INTERNATIONAL) AG et al v. APOTEX INC. et al.*, 1:25-cv-00211-UNA (D. Del.). The Defendants in this matter are not involved in that case.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 25, 2025                         _/s/ Cynthia S. Betz_____
                                              Cynthia S. Betz